IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT ALLEN HITES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-1306 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 23rd day of August, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the findings of the Administrative Law Judge ("ALJ") regarding his residual functional capacity ("RFC") are not supported by substantial evidence for two primary reasons: (1) the ALJ inappropriately rejected his testimony; and (2) the ALJ erred in finding the opinion of his cardiologist, Dr. Benjamin Shipton, D.O., minimally persuasive. (Doc. No. 9). The Court disagrees on each count and finds instead that substantial evidence supports the ALJ's RFC finding and his ultimate determination that Plaintiff is not disabled.

Plaintiff's argument centers around his RFC, which the ALJ crafted after analyzing all of the evidence within the record. Specifically, the ALJ found Plaintiff capable of the following:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he is limited [to] occasional climbing of ramps and stairs (but never climbing of ladders, ropes, and scaffolds); he is limited to occasional balancing, stooping, kneeling, crouching, and crawling; he is limited to frequent reaching, but occasional overhead reaching; and he is limited to no concentrated exposure to excessive cold, vibration, or workplace hazards, including unprotected machinery and unprotected heights.

(R. 28). Plaintiff contends the ALJ incorrectly crafted his RFC as it does not incorporate his subjective complaints of pain, which he contends are supported by objective evidence showing degenerative changes, disc desiccation, and vertebral spondylosis, as well as decreased range of motion, and other impairments. (Doc. No. 9 at 8-11). Plaintiff further argues that the ALJ impermissibly rejected his testimony due to mischaracterizing his treatment as "conservative" and without consideration of his strong work history or activities of daily living. (*Id.* at 12-16). After review, the Court finds no merit in any of these arguments for the following reasons.

The Court finds the ALJ properly characterized Plaintiff's treatment as "conservative" and considered the objective evidence within the record in assessing Plaintiff's credibility. An ALJ is permitted to, and in fact must, consider the nature of a claimant's treatment history based on the evidentiary record. *See Myers v. Comm'r of Soc. Sec.*, 684 Fed. Appx. 186, 192 (3d Cir. 2017) (holding the ALJ appropriately discounted the treating physician's opinion, in part based on conservative treatment). Here, in assessing the credibility of Plaintiff's statements, the ALJ stated that "[g]enerally, the treatment records show relatively conservative treatment and minimal positive

---

objective findings on examinations, as well as improvement with treatment and the ability to perform activities of daily living." (R. 29). Indeed, the record shows that Plaintiff required no hospitalizations or surgical intervention during the relevant period and that he experienced improvement when he was compliant with treatment recommendations. (*See, e.g.*, R. 29-30, 471, 527, 762). Moreover, the ALJ noted Plaintiff was sent for cervical and lumbar spine MRIs but "[d]id not follow through with any treatment plan that was recommended." (R. 29). The ALJ's failure to mention the specific MRIs and results cited by Plaintiff is not fatal, as these MRIs did no more than reveal similar results, including degenerative changes. (R. 30); *see Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009) (stating an ALJ "need not mention every piece of evidence in the record"). The ALJ's opinion shows that he considered Plaintiff's broader course of treatment and assessed Plaintiff's testimony in this context. Accordingly, Plaintiff's argument on this point fails.

The Court also rejects Plaintiff's argument that the ALJ failed to consider that he had good cause for noncompliance with treatment due to financial strain. (Doc. No. 9 at 13-14). The record reveals that Plaintiff reported that he did not have enough money for his prescription medication starting in March 2022. (R. 764). However, the ALJ clearly considered this and noted that Plaintiff only documented a loss of insurance coverage in June 2022, three months after he claimed to not have enough money for prescriptions. (R. 30, n.1). Given this lapse in time, Plaintiff appears to have been covered by insurance during some of the time that he claimed he could not afford his prescription medication. This is bolstered by the fact that Plaintiff reported attending regular physical therapy sessions during this time with "modest benefit." (R. 764). Plaintiff provides no explanation for this discrepancy that his physical therapy was covered by insurance, but his medication was not. Accordingly, the ALJ appropriately considered Plaintiff's failure to follow his prescribed treatment as one factor among many in discrediting Plaintiff's testimony.

The Court also finds that the ALJ adequately considered Plaintiff's work history in discounting his testimony. The Court notes that the Third Circuit has previously indicated that an ALJ should consider affording substantial credibility to a claimant's testimony about his or her work capabilities when the claimant has worked for a long period of time. *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). However, an ALJ does not err by failing to afford a claimant's testimony heightened consideration based *solely* on his or her work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. *See id.*; *Shore v. Kijakazi*, No. 20-1169-SRF, 2022 WL 782701, at *10 (D. Del. Mar. 15, 2022); *Hodnett v. Saul*, No. 2:18-1074, 2019 WL 3778383, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. 12-806, 2013 WL 4498981, at *5

---

(W.D. Pa. Aug. 19, 2013) (holding that "a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility"). Here, there is no evidence in the record of any additional factors that would warrant a finding of heightened credibility. Moreover, the ALJ was well aware of Plaintiff's work history as he discussed this with Plaintiff at the hearing (R. 44-45), noted Plaintiff's insured status through December 2025 (R. 26), and mentioned Plaintiff's past work as a utility worker/material handler in his decision. (R. 33). This was sufficient discussion of Plaintiff's work history in light of precedent.

The ALJ also appropriately considered Plaintiff's daily activities in discrediting his testimony. Plaintiff contends that the ALJ failed to provide "any analysis" of this factor and mischaracterized his statements. (Doc. No. 9 at 12). Plaintiff overlooks that the ALJ explicitly considered his own reports of daily activities and that while Plaintiff "noted some difficulties" with daily activities, he also reported "performing a variety of activities of daily living independently, including tending to his personal care and grooming needs, preparing meals, performing household chores, driving, and handling his own finances." (R. 29). The ALJ's analysis on this point comports with the applicable regulations. *See* 20 C.F.R. 404.1529(c)(3)(i). Thus, Plaintiff's argument on this point fails.

Likewise, the Court rejects Plaintiff's next argument that the ALJ impermissibly found Dr. Shipton's opinion minimally persuasive without explanation as to what was persuasive within it. (Doc. No. 9 at 11-12). Dr. Shipton provided a source statement identifying Plaintiff's medical problems, including low back pain, neck pain, and impingement syndrome of the right shoulder. (Ex. 10F/5). Further, as the ALJ referenced, Dr. Shipton also provided his treatment notes, indicating that Plaintiff could lift more than five pounds. (Ex. 15F/111). Specifically, Dr. Shipton stated that Plaintiff "has been off work for the past several months with only a 5 pound lifting restriction advised by his orthopedic surgeon[;] [i]t is my opinion that he could lift more than his restriction allows." (R. 15F/111). The ALJ found Dr. Shipton's opinion both consistent with and supported by the record, but concluded it was only minimally persuasive as "it [did] not contain detailed analysis of the [Plaintiff's] overall functional impairments." (R. 32). The Court finds the ALJ's analysis sufficient as the ALJ explained that Dr. Shipton's was minimally persuasive because it was consistent with and supported by the record but contained no detailed analysis of Plaintiff's overall functional impairments.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:   Counsel of record